UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Case: _____

CITY OF CLEARWATER,

    Plaintiff,

v.

STANTEC CONSULTING SERVICES INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **STANTEC CONSULTING SERVICES INC.** ("Stantec"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled action to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

1. This action was originally filed by Plaintiff, **CITY OF CLEARWATER** ("Clearwater" or "Plaintiff"), in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 2025-CA-004438.

2. Plaintiff asserts claims against Stantec arising from alleged breaches of contract and professional negligence related to the design and construction of the Imagine Clearwater Project, specifically the Coachman Park band shell known as "The Sound."

1

3. A true and correct copy of the Complaint filed by Clearwater in the state court action is attached hereto as **Exhibit A.**

4. 28 U.S.C. § 1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

5. The instant suit is one over which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Plaintiff's Diversity of Citizenship

6. With respect to the diversity of the parties, Plaintiff is a municipal corporation organized under the laws of the State of Florida.[1] *See* Compl. ¶1.

7. A municipality is not merely an informal community; it exists only when a local government has been formally incorporated through a charter enacted under state law. *See* Fla. Const. art. VIII, § 2 (providing for the creation of municipalities by general or special law).

8. Once incorporated, a municipality becomes vested with broad powers, including the authority to sue and be sued, contract, hold property, and levy taxes. These attributes distinguish municipalities from the State and establish their independent legal identity.

---

[1] Plaintiff was originally incorporated as the Town of Clearwater in 1891, with James E. Crane serving as its first mayor, and was later reincorporated as the City of Clearwater on May 27, 1915

9. Although a State is not a "citizen" for purposes of diversity jurisdiction, the U.S. Supreme Court has long held that political subdivisions—such as counties and municipalities—are citizens of the state that created them, so long as they are not merely the arm or alter ego of the State. *Moor v. County of Alameda*, 411 U.S. 693, 717–18 (1973); *Cowles v. Mercer County*, 74 U.S. (7 Wall.) 118 (1868) (holding that once counties are incorporated and vested with powers such as contracting and the ability to sue and be sued, they are treated as citizens for diversity purposes); *see also Lincoln County v. Luning*, 133 U.S. 529 (1890) (recognizing that a municipal corporation with an independent legal identity, including the power to sue and be sued, qualifies as a citizen of its state for diversity jurisdiction).

10. In *Moor*, the Supreme Court rejected the Ninth Circuit's conclusion that California counties were not citizens for diversity purposes and held instead that Alameda County's "sufficiently independent corporate character" required that it be treated as a citizen of California. 411 U.S. 693, 721 (1973).

11. The *Moor* Court emphasized that, under California law, counties were designated as "bod[ies] corporate and politic," empowered to sue and be sued, to own property, to contract, to levy taxes, to issue bonds, and to provide public services such as water, flood control, and transportation facilities. *Id.* at 719. These attributes demonstrated that a California county was not merely an arm of the state, but a distinct political subdivision with its own legal identity. *Id.* at 719–20.

12. The same reasoning applies here. Under Florida law, municipalities such as Clearwater are incorporated political subdivisions with full corporate powers,

including the ability to sue and be sued, own and convey property, contract in their own name, and levy taxes. *See* Fla. Const. art. VIII, § 2(b); Fla. Stat. § 166.021.

13. Federal courts have consistently held that municipalities are not arms of the State for Eleventh Amendment purposes and thus are treated as independent citizens for diversity jurisdiction. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

14. Accordingly, Clearwater's independent corporate existence, financial authority, and local governance powers establish that it is not the State's alter ego and is a citizen of Florida for diversity purposes.

## Stantec's Diversity of Citizenship

15. At the time of the filing of the Complaint and this Notice of Removal, and at all times material hereto, Stantec was, and is, incorporated under the laws of New York with its principal place of business located in Denver, Colorado.[2] *See* Compl. ¶ 2.

16. For purposes of determining jurisdiction under 28 U.S.C. § 1332, a corporation is deemed a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

17. Accordingly, Stantec is a citizen of New York and Denver for purposes of diversity jurisdiction.

---

[2] Plaintiff incorrectly alleged that Stantec's principal place of business is Edmonton, Alberta, Canada, when in fact it is Denver, Colorado.

18. Because Plaintiff is a citizen of Florida, and Stantec is a citizen of New York and Denver, there is complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332.

### The Amount in Controversy is Met Here

19. Under 28 U.S.C. § 1446(c)(2), the amount in controversy is generally measured by the sum demanded in the initial pleading. Congress, however, created an exception where state practice "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Florida law falls within this exception. Florida Rule of Civil Procedure 1.110(b) provides that "every complaint shall be considered to pray for general relief," meaning a plaintiff is not confined to the ad damnum clause. Accordingly, this Court may look beyond the stated demand in the Complaint to determine whether the jurisdictional threshold is met.

20. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney's fees.

21. Plaintiff's Complaint alleges that Stantec breached the Agreement and committed professional negligence in connection with the design of the Project, resulting in substantial damages. *See* Compl. ¶¶ 26–32, 33–39.

22. Plaintiff further alleges specific design deficiencies—including water intrusion, flooding, and code violations—that have significantly impaired use of the structure. *Id.* at ¶¶ 14–15.

23. Plaintiff expressly seeks recovery of attorneys' fees, consultants' fees, costs, and expenses pursuant to the Agreement. *Id.* at ¶¶ 29, 31–32. Taken together, these allegations clearly place the amount in controversy above the jurisdictional threshold of $75,000.

24. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that the case is removable." *Kilmer v. Stryker Corp.*, No. 5:14-cv-456, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe* and *Pretka*); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount").

25. Moreover, even if the jurisdictional amount were not facially apparent from the Complaint, which it is, removal would still be proper. The Court may look to "other papers" received by the defendant to determine whether the amount in controversy requirement is satisfied. *See Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F. Supp. 890 (N.D. Fla. 1996).

26. Before suit was filed, Stantec received from Plaintiff's counsel a Chapter 558 Notice of Claim dated October 2, 2024, which outlined significant alleged construction defects at the Imagine Clearwater Project and demanded corrective action. A true and correct copy of the October 2, 2024 Chapter 558 Notice of Claim is attached hereto as **Exhibit B.**

27. The Notice of Claim alleged substantial damages, including (i) costs incurred and to be incurred in investigating the defects and deficiencies; (ii) costs of repairing and remediating The Sound and adjacent areas; (iii) loss of use and enjoyment of The Sound; (iv) lost profits; (v) costs of additional City time and labor to assist, manage, and conduct investigative, repair, and remediation efforts; (vi) consequential damages; (vii) prejudgment interest; and (viii) attorneys' fees and costs.

28. Taken together, the scope and nature of these demands make clear that the amount in controversy exceeds $75,000.

29. Plaintiff's Chapter 558 Notice of Claim and the allegations in the Complaint make clear that the cost to address the alleged water intrusion, flooding, drainage deficiencies, and related design defects at the Imagine Clearwater Project far exceeds $75,000.

30. The scope of corrective work required, including re-design and reconstruction of stormwater systems, canopy drains, and building elevations, along with associated professional and legal fees, confirms that the amount in controversy surpasses the jurisdictional threshold. *See Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 Fed. App'x 880, 883–84 (11th Cir. 2020) (noting damages in excess of the jurisdictional threshold can be inferred from the nature and extent of the plaintiff's injuries).

## Conclusion

31. Both Plaintiff and Stantec are citizens of different states for purposes of diversity jurisdiction.

32.     Stantec has demonstrated that the amount in controversy exceeds the $75,000 jurisdictional threshold. Both the Complaint and Plaintiff's Chapter 558 Notice of Claim make this clear.

33.     This Notice is timely filed. Stantec was served with the summons and Complaint through its registered agent's authorized employee on or about August 18, 2025. The procedure governing removal of actions filed in state court is governed by 28 U.S.C. § 1446.  Section 1446 provides that any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. Accordingly, the deadline for the filing of Stantec's Notice of Removal is September 17, 2025.

34.     Written notice of the filing of the Notice of Removal has been given to Plaintiff through its counsel. A copy of this Notice has been filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

35.     A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as **Exhibit C**.

**WHEREFORE**, Defendant, STANTEC CONSULTING SERVICES INC., respectfully requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 8, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Middle

District of Florida, Tampa Division, by using the CM/ECF system and served by email to all Counsel of Record listed on the attached Service List.

Respectfully submitted,

**WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC**

*/s/ Michael A. Hornreich*
Michael A. Hornreich, ESQ.
Florida Bar No.: 379972
255 South Orange Avenue, Suite 1260
Orlando, FL 32801
(T) 407.734.7000
(F) 407.930.9180
Email: mhornreich@wwhgd.com
