**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

<u>City of Clearwater</u>
 Plaintiff

Case # _____
Judge _____

vs.

<u>Stantec Consulting Services Inc.</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**EXHIBIT C**

***ELECTRONICALLY FILED 08/13/2025 12:54:44 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☒ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: _s/ Trevor B Arnold_        Fla. Bar # _545902_
      Attorney or party               (Bar # if attorney)

_Trevor B Arnold_              _08/13/2025_
  (type or print name)          Date

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA

**Case No.**

CITY OF CLEARWATER,

      Plaintiff,

v.

STANTEC CONSULTING SERVICES
INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, CITY OF CLEARWATER, by and through undersigned counsel, hereby sues

Defendant, STANTEC CONSULTING SERVICES INC. ("STANTEC"), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      The CITY OF CLEARWATER is a municipal corporation organized and existing

under the laws of the State of Florida.

2.      STANTEC is a New York corporation with its principal place of business in

Edmonton, Alberta, Canada authorized to do business in the state of Florida.

3.      This Lawsuit arises out of the design and construction of the Imagine Clearwater

Project (the "Project") on the property located at the Baycare Sound at Coachman Park, 255 Drew

Street, Clearwater, Florida 33756 (the "Property").

4.      Venue is proper in Pinellas County, Florida, pursuant to Sections 47.011 and

47.051, Florida Statutes, because the acts forming the basis of this Complaint took place in Pinellas

County, Florida and the Project that is the subject matter of this action is located within Pinellas County.

5.      This is an action for damages that exceeds $50,000.00, exclusive of interest, costs, and expenses.

6.      Based on the amount in controversy, jurisdiction is proper in the Circuit Court of the Sixth Judicial Circuit located in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7.      The CITY OF CLEARWATER is the owner of the Property.

8.      The Project involved design and construction of the Imagine Clearwater Project, inclusive of design and related services for the Coachman Park band shell ("The Sound").

9.      STANTEC is licensed as a professional engineering firm in the state of Florida.

10.     The CITY OF CLEARWATER and STANTEC entered into a written agreement ("Agreement") whereby STANTEC agreed to provide certain design and professional engineering services for the improvement and construction of the Project. A copy of the Agreement is attached hereto as **Exhibit "A"**.

11.     Pursuant to the Agreement, STANTEC agreed to perform its services in a professional and workmanlike manner and in accordance with applicable industry standards, laws, and regulations.

12.     STANTEC did in fact prepare and submit design documents, plans, and specifications for the Project, and otherwise provided engineering and consulting services for the Project.

13.     On or about June of 2023, The Sound reached substantial completion.

14.    After implementation of STANTEC's designs and recommendations, significant defects and issues became apparent in the constructed improvements at The Sound, including but not limited to:

     a.    Overflow drains discharging during normal rain events;

     b.    Water entering the building from the loading dock;

     c.    Water entering the chair storage room;

     d.    Stormwater flow restrictions due to the force main in conflict blocking majority of the stormwater piping;

     e.    Canopy drains overflowing during normal rain events;

     f.    The building finished floor design elevation is the same as the exterior slab elevation, resulting in water intrusion; and

     g.    Failure to comply with the Florida Building Code.

15.    The deficiencies in the design and construction of The Sound have had significant impacts on the use of the structure.

16.    The CITY OF CLEARWATER issued a Notice of Claim Pursuant to Chapter 558, Florida Statues, and Demand for Indemnity ("558 Notice of Claim") to STANTEC on or about October 2, 2024.

17.    Since the issuance of the 558 Notice of Claim, the CITY OF CLEARWATER has attempted to resolve the issue with STANTEC.

18.    The CITY OF CLEARWATER has repeatedly requested STANTEC prepare and adhere to a comprehensive and actionable corrective plan, to include a schedule, for purposes of remediating the ongoing water-related drainage issues at the Project.

19.     On or about May 1, 2025, the CITY OF CLEARWATER requested a firm commitment from STANTEC to a comprehensive and actionable plan and schedule to remediate the ongoing water-related drainage issues at the Project, to be prepared by June 15, 2025.

20.     It was reiterated to all parties involved that time was of the essence, with hurricane season fast approaching.

21.     STANTEC failed to provide the requested comprehensive and actionable plan, to include a schedule, for purposes of remediating the ongoing water-related drainage issues at the Project by June 15, 2025.

22.     On or about July 18, 2025, the CITY OF CLEARWATER issued a Final Request for Remedial Action Plan to STANTEC, wherein the CITY OF CLEARWATER requested a comprehensive and actionable plan, to include a schedule, for purposes of remediating the ongoing water-related drainage issues at the Project with a deadline of July 25, 2025, warning that failure to comply could result in termination of the Contract.

23.     To date, STANTEC has not provided the CITY OF CLEARWATER with a comprehensive and actionable plan, to include a schedule, for purposes of remediating the ongoing water-related drainage issues at the Project.

24.     The CITY OF CLEARWATER has retained the undersigned law firm to represent it in this action and is obligated to pay a reasonable fee for the services rendered and costs incurred herein.

25.     The CITY OF CLEARWATER is entitled to recover its attorneys' fees and costs from STANTEC pursuant to the terms of the Agreement.

## COUNT I
### *BREACH OF CONTRACT*

26.     CITY OF CLEARWATER adopts and reincorporates Paragraphs 1 through 25 as though fully set forth herein.

27.     Pursuant to the Agreement, STANTEC was obligated to exercise reasonable care in rendering its design services for the Project in compliance with the Florida Building Code and professional industry standards, and without subjecting the CITY OF CLEARWATER to any liability for defects in rendering its services for the Project.

28.     STANTEC breached its duty by, without limitation, failing to design the Project in accordance with the applicable provisions of the Florida Building Code; failing to provide design documents free of defects; failing to properly review and respond to shop drawings and submittals; failing to prepare final construction documents of sufficiently high standard to clearly and accurately indicate all essential parts of work and failing to adhere to the prevailing professional standards of care.

29.     Moreover, pursuant to the requirements of the Agreement which STANTEC was required to comply with, STANTEC was obligated to indemnify the CITY OF CLEARWATER from and against "liabilities, damages, losses, and costs, including, but not limited to, reasonable attorneys' fees, to the extent caused by the negligence, recklessness, or intentionally wrongful conduct of [STANTEC]."[1]

30.     As of the date of this filing, STANTEC has not agreed to indemnify the CITY OF CLEARWATER.

---

[1] **Exhibit "A,"** § 6.6.

31.     As a direct and proximate result of STANTEC's breaches of the Agreement, the CITY OF CLEARWATER has suffered, and will continue to suffer, damages for which STANTEC is responsible, which include, without limitation, fees, charges, and expenses paid to consultants and other professionals, as well as attorneys' fees and other legal expenses.

32.     The CITY OF CLEARWATER is entitled to recover its liabilities, damages, losses and costs to include attorneys' fees and costs and consultants' fees from STANTEC pursuant to the Agreement, including Section 6.6 thereof.

WHEREFORE, the CITY OF CLEARWATER, respectfully requests this Court enter judgment against STANTEC CONSLTING SERVICES INC. and in favor of the CITY OF CLEARWATER, together with interest, attorneys' fees, costs, and any and all further relief the Court may deem proper.

## COUNT II
### *PROFESSIONAL NEGLIGENCE*

33.     CITY OF CLEARWATER adopts and reincorporates Paragraphs 1 through 25 as though fully set forth herein.

34.     This is an action for professional negligence against STANTEC.

35.     At all times material to, STANTEC assumed the obligation of providing professional engineering services for the Project.

36.     STANTEC had a duty to exercise reasonable care in rendering its services for the Project in compliance with the Florida Building Code and professional industry standards, and without subjecting the CITY OF CLEARWATER to any liability for defects in rendering its services for the Project.

37.     STANTEC breached its duty by, without limitation, failing to design the Project in accordance with the applicable provisions of the Florida Building Code; failing to provide design documents free of defects; failing to properly review and respond to shop drawings and submittals; failing to prepare final construction documents of sufficiently high standard to clearly and accurately indicate all essential parts of work and failing to adhere to the prevailing professional standards of care.

38.     As a direct and proximate result of the flawed services rendered by STANTEC, the CITY OF CLEARWATER has suffered damages.

39.     It was foreseeable to STANTEC that its failure to exercise the ordinary and reasonable skill and care of a professional engineer in Florida would result in damages to the CITY OF CLEARWATER.

WHEREFORE, the CITY OF CLEARWATER, respectfully requests this Court enter judgment against STANTEC CONSLTING SERVICES INC. and in favor of the CITY OF CLEARWATER, together with interest, attorneys' fees, costs, and any and all further relief the Court may deem proper.

## JURY TRIAL DEMAND

The CITY OF CLEARWATER demands a trial by jury on all issues so triable.

**Dated** this 13th day of August, 2025.

*/s/ Trevor B. Arnold*
**Trevor B. Arnold, Esquire**
Florida Bar No.: 545902
**Michele A. Ebone, Esquire**
Florida Bar No:  1003460
GRAYROBINSON, P.A.
301 E. Pine St., Ste. 1400
Orlando, FL 32801

(407) 843-8880
Fax: (407) 595-5690
trevor.arnold@gray-robinson.com
michele.ebone@gray-robinson.com
ylana.henderson@gray-robinson.com
*Counsel for Plaintiff, City of Clearwater*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2025, the foregoing was filed with

the Florida Courts E-Filing Portal, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516, which will

furnish a service copy to all counsel of record.

*/s/ Trevor B. Arnold*
Trevor B. Arnold, Esq.

# AGREEMENT

# FOR

# PROFESSIONAL SERVICES

This AGREEMENT is made and entered into on the _6th_ day of _February_____, 20_18_ by and between the City of Clearwater, Florida (CITY) and STANTEC CONSULTING SERVICES INC., 777 S. Harbour Island Boulevard, Suite 600, Tampa, FL 33602, ENGINEER.

## WITNESSETH:

WHEREAS the CITY desires to engage the ENGINEER to perform certain professional services pertinent to Imagine Clearwater Master Plan - Design and Construction Consulting Services: City Project Number 17-0031-EN, in accordance with this Agreement; and

WHEREAS the ENGINEER desires to provide such professional services in accordance with this Agreement; and

WHEREAS the CITY selected the ENGINEER in accordance with the competitive selection process described in Section 287.055 of the Florida Statutes, and based on information, representations, and response provided by the ENGINEER in Request For Qualifications (RFQ) #13-17 dated July 19, 2017; and

WHEREAS, such RFQ is incorporated herein by reference; and

NOW, THEREFORE, in consideration of the premises and the mutual benefits which will accrue to the parties hereto in carrying out the terms of this Agreement, it is mutually understood and agreed as follows:

## 1.0    GENERAL SCOPE OF THIS AGREEMENT

1.1    The recitals above are incorporated herein by reference. The relationship of the ENGINEER to the CITY will be that of a professional consultant, and the ENGINEER will provide the professional and technical services required under this Agreement in accordance with acceptable engineering practices and ethical standards.

1.2    In the event of conflicting or ambiguous provisions among the various documents related to this Agreement, the conflict or ambiguity should be resolved with deference to the documents in the following order: 1) this Agreement, 2) the Work Order(s), 3) the aforementioned RFQ and related addenda/documents, and then 4) the Engineer's response to the RFQ. Where this Agreement is afforded the most deference in resolving the conflict or ambiguity and the deferential value decreases as listed.

## 2.0    PROFESSIONAL TECHNICAL SERVICES

2.1     It shall be the responsibility of the ENGINEER to work with and for the CITY toward solutions to the assigned engineering matters associated with the CITY's project objectives related to the scope of the aforementioned RFQ.

2.2     The ENGINEER's services under this Agreement will be provided under Work Orders. Generally, each Work Order will include a mutually agreed-upon detailed scope of services, project goals, fee, and schedule of performance in accordance with applicable fiscal and budgetary constraints.   Each Work Order shall be properly authorized with regard to the cumulative cost of all Work Orders issued under this Agreement and with regard to the most recently authorized Work Order amount.

2.3     The ENGINEER agrees to perform the services with the reasonable skill and diligence required by customarily accepted professional practices and procedures normally provided in the performance of the services at the time when and the location in which the services were performed. This standard of care is the sole and exclusive standard of care that will be applied to measure the ENGINEER's performance.

2.4     The ENGINEER shall maintain an adequate and competent staff of professionally qualified personnel available to the CITY for the purpose of rendering the required services hereunder, and shall diligently execute the work to meet the completion time established in Work Order.

2.5     The CITY reserves the right to enter into contracts with other engineering and/or architect firms for complimentary services. The ENGINEER will, when directed to do so by the CITY, coordinate and work with other engineering and/or architectural firms retained by the CITY. Notwithstanding the foregoing, in no event shall the ENGINEER be responsible for quality assurance of the work of such other engineering and/or architect firms, nor shall the ENGINEER be liable for any errors or omissions in such work.

## 3.0    PERIOD OF SERVICE

3.1     The ENGINEER shall begin work promptly after receipt of a fully executed copy of each Work Order, in accordance with Paragraph 2.2, above.  Receipt of a fully executed Work Order shall constitute written notice to proceed.

3.2     If the ENGINEER'S services called for under any Work Order are delayed for reasons beyond the ENGINEER's control, the time of performance shall be adjusted as appropriate.

3.3     It is the intent of the parties hereto that this Agreement continue in force until the completion of work delineated in the aforementioned RFQ timeline, subject to the provisions for termination contained herein. Assignments that are in progress at the Contract termination date will be completed by the ENGINEER, unless specifically terminated by the CITY.

4.0   **INSURANCE REQUIREMENTS**

See Exhibit "A" attached.

5.0   **PROFESSIONAL SERVICES/CONSULTANT'S COMPETITIVE NEGOTIATION ACT (CCNA) - Florida Statue 287.055**

Professional Services provided under this Agreement are within the scope of the practice of architecture, landscape architecture, professional engineering, or registered land surveying, as defined by the laws of the State of Florida. Provisions of F.S. 287.055 apply.

6.0   **GENERAL CONSIDERATIONS**

6.1   All documents including field books, drawings, specifications, calculations, geotechnical investigation reports, etc., used in the preparation of the work shall be supplied by the ENGINEER and shall become the property of the CITY upon full payment of all monies owed to the ENGINEER for that specific work. The CITY acknowledges that such documents are not intended or represented to be suitable for use by the CITY or others for purposes other than those for which the documents are prepared. Any reuse of these documents without written verification or adaptation by the ENGINEER for the specific purpose other than intended will be at the CITY's sole risk, without liability or legal exposure to the ENGINEER.

6.2   The ENGINEER shall prepare preliminary construction cost estimates with each design submittal to verify the proposed design is within the City project budgets. The ENGINEER shall prepare a final estimate of probable construction costs, following CITY approval of the bid documents and other prebid activities. The CITY hereby acknowledges that estimates of probable construction costs cannot be guaranteed, and such estimates are not to be construed as a promise that designed facilities will not exceed a cost limitation. Should the lowest, responsive and acceptable bid price received by the CITY within three (3) months from the date of the CITY's approval of the bid documents exceed the provided final estimates, then ENGINEER shall perform a detailed evaluation of the low bid. The evaluation will review the bid prices on a line item basis, identifying areas of disagreement and providing a rationale for the difference.

6.3   The ENGINEER will provide expert witnesses, if required, to testify in connection with any lawsuit relating to the services rendered under this AGREEMENT, except to the extent a conflict of interest exists that would prevent the ENGINEER from providing expert witness services. A supplemental agreement will be negotiated between the CITY and the ENGINEER describing the services desired and providing a basis for compensation to the ENGINEER.

6.4   Upon the ENGINEER's written request, the CITY will furnish or cause to be furnished such reports, studies, instruments, documents, and other information as the ENGINEER and CITY mutually deem necessary.

6.5    The CITY and the ENGINEER each bind themselves and their successors, legal representatives and assigns to the other party to this Agreement and to the partners, successors, legal representatives and assigns of each other party, in respect to all covenants of this Agreement; and, neither the CITY nor the ENGINEER will assign or transfer its interest in this Agreement without written consent of the other.

6.6    The ENGINEER shall indemnify and hold harmless the CITY, and its officers and employees, from liabilities, damages, losses, and costs, including, but not limited to, reasonable attorneys' fees, to the extent caused by the negligence, recklessness, or intentionally wrongful conduct of the ENGINEER and other persons employed or utilized by the ENGINEER in the performance of this AGREEMENT and any WORK ORDERS issued under this AGREEMENT.

6.7    The ENGINEER agrees not to engage the services of any person or persons in the employ of the CITY to an allied capacity, on either a full or part-time basis, on the date of the signing of this Agreement, or during its term.

6.8    Key personnel assigned to CITY projects by the ENGINEER shall not be removed from the projects until alternate personnel acceptable to the CITY are approved, in writing, by the CITY.  Key personnel are identified as: Project Manager and technical experts.

6.9    The ENGINEER shall attach a brief status report on the project(s) with each request for payment.

6.10    Unless otherwise required by law or judicial order, the ENGINEER agrees that it  shall make no statements, press releases or other public communication concerning the Agreement or its subject matter or otherwise disclose or permit to  be disclosed any of the data, technical processes, business affairs or other information obtained or furnished in the conduct of work under this Agreement without first notifying the City and securing its consent in writing. The ENGINEER also agrees that it shall not publish, copyright or patent any of the site specific data or reports furnished for or resulting from work under this Agreement. This does not include materials previously or concurrently developed by the ENGINEER for "In House" use. Only data and reports generated by the ENGINEER under this Agreement shall be the property of the CITY.

6.11    **<u>PUBLIC RECORDS</u>**

The successful bidder/contractor will be required to comply with Section 119.0701, Florida Statues , specifically to:

(a)    Keep and maintain public records that ordinarily and necessarily would be required by the City of Clearwater in order to perform the service;
(b)    Provide the public with access to public records on the same terms and conditions that the City of Clearwater would provide the records and at a cost that does not exceed the cost provided in this chapter or as otherwise provided by law;

(c)    Ensure that public records that are exempt or confidential and exempt from public records disclosure requirements are not disclosed except as authorized by law; and

(d)    Meet all requirements for retaining public records and transfer, at no cost, to the City of Clearwater all public records in possession of the contractor upon termination of the contract and destroy any duplicate public records that are exempt or confidential and exempt from public records disclosure requirements. All records stored electronically must be provided to the City of Clearwater in a format that is compatible with the information technology systems of the City of Clearwater. **IF ENGINEER HAS QUESTIONS REGARDING THE APPLICATION OF CHAPTER 119, FLORIDA STATUTES OR THE ENGINEER'S DUTY TO PROVIDE PUBLIC RECORDS RELATING TO THIS AGREEMENT, CONTACT THE CUSTODIAN OF PUBLIC RECORDS, Rosemarie Call at (727)562-4092, Rosemarie.Call@myclearwater.com, or 112 S. Osceola Ave., Clearwater, FL 33756.**

## 7.0   COMPENSATION

7.1    The ENGINEER shall be compensated for all services rendered under this Agreement in accordance with the provisions of each Work Order, upon presentation of ENGINEER's invoice. Rate schedule and typical methods of compensation will be evaluated on a per Work Order basis, and the CITY's commitment to pay for services proposed by a particular Work Order shall be at the CITY's sole discretion. ENGINEER understands that there is no minimum amount of work that the CITY is committing to pursuant to this Agreement or the aforementioned RFQ.

7.2    Except as may be addressed in the initiating Work Order, the compensation for services shall be invoiced by the ENGINEER and paid by the CITY once each month. Such invoices shall be due and payable upon receipt.

7.3    The ENGINEER agrees to allow full and open inspection of payroll records and expenditures in connection with hourly rate and cost plus fixed fee work assignments associated with each Work Order, upon request of the CITY. Notwithstanding the foregoing, the CITY's right to inspect, copy and audit shall not extend to the composition of the ENGINEER's rates and fees, percentage mark-ups or multipliers but shall apply only to their application to the applicable units.

## 8.0   PROHIBITION AGAINST CONTINGENT FEES

The ENGINEER warrants that it has not employed or retained any company or person, other than a bonafide employee working solely for the ENGINEER to solicit or secure this Agreement and that it has not paid or agreed to pay any persons, company, corporation, individual or firm, other than a bona fide employee working for the ENGINEER any fee, commission, percentage, gift, or any other consideration, contingent upon or resulting from the award or making of this Agreement.

9.0 **TERMINATION FOR CAUSE**

This Agreement may be terminated by either party with seven (7) days prior written notice, in the event of substantial failure to perform in accordance with the terms hereof by the other party through no fault of the terminating party. If this Agreement is terminated, the ENGINEER shall be paid in accordance with the provisions of outstanding Work Orders for all work performed up to the date of termination.

10.0 **SUSPENSION, CANCELLATION OR ABANDONMENT**

If the project described in any Work Order is suspended, canceled, or abandoned by the CITY, without affecting any other Work Order or this Agreement, the ENGINEER shall be given five (5) days prior written notice of such action and shall be compensated for professional services provided up to the date of suspension, cancellation or abandonment.

This Agreement shall be administered and interpreted under the laws of the State of Florida.

11.0 **TERMINATION FOR CONVENIENCE**

Either the CITY or the ENGINEER may terminate the Agreement at any time by giving written notice to the other of such termination and specifying the effective date of such termination at least thirty (30) days before said termination date. If the Agreement is terminated by the CITY as provided herein, the ENGINEER will be paid for services rendered through the date of termination.

12.0 **PUBLIC ENTITY CRIMES**

Pursuant to Florida Statute 287-132-133, effective July 1, 1989, the City of Clearwater, as a public entity, may not accept any proposal from, award any contract to, or transact any business in excess of the threshold amount provided in Section 287.017, F.S., for Category Two (currently $35,000) with any person or affiliate on the convicted vendor list for a period of 36 months from the date that person or affiliate was placed on the convicted vendor list unless that person of affiliate has been removed from the list pursuant to Section 287.133 (3)(f), F.S.

13.0 **SCRUTINIZED COMPANIES AND BUSINESS OPERATIONS WITH CUBA AND SYRIA**

The ENGINEER will be required to comply with Section 287.135, Florida Statutes, specifically to the following, attached hereto as Exhibit "B":

(a)     The vendor, company, individual, principal, subsidiary, affiliate, or owner is aware of the requirements of section 287.135, Florida Statutes, regarding companies on the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Energy Sector List, or engaging in business operations in Cuba and Syria; and

(b)     The vendor, company, individual, principal, subsidiary, affiliate, or owner is eligible to participate in this solicitation and is not listed on either the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Sector List, or engaged in business operations in Cuba and Syria; and

(c)     Business Operations means, for purposes specifically related to Cuba or Syria, engaging in commerce in any form in Cuba or Syria, including, but not limited to, acquiring, developing, maintaining, owning, selling, possessing, leasing or operating equipment, facilities, personnel, products, services, personal property, real property, military equipment, or any other apparatus of business or commerce; and

(d)     The vendor, company, individual, principal, subsidiary, affiliate, or owner will immediately notify the City of Clearwater in writing, no later than five (5) calendar days after any of its principals are placed on the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Sector List, or engages in business operations in Cuba and Syria.

## 14.0    LIMITATION OF INDIVIDUAL LIABILITY AND WAIVER OF CONSEQUENTIAL DAMAGES

14.1    Neither the CITY nor the ENGINEER shall be liable to the other or shall make any claim for any incidental, indirect or consequential damages arising out of or connected to this Agreement or the performance of the services on this Project. This mutual waiver includes, but is not limited to, damages related to loss of use, loss of profits, loss of income, unrealized energy savings, diminution of property value or loss of reimbursement or credits from governmental or other agencies.

14.2    PURSUANT TO FLORIDA STATUTES CHAPTER 558.0035 AN INDIVIDUAL EMPLOYEE OR AGENT MAY NOT BE HELD INDIVIDUALLY LIABLE FOR DAMAGES RESULTING FROM NEGLIGENCE.

IN WITNESS WHEREOF, the parties hereto have made and executed this Agreement on the date and year first above written.

Stantec Consulting Services Inc.

By: _____
David A. Kemper, P.E.
Senior Principal

**WITNESS:**

By: _____
Hamid Sahebkar, P.E.
Principal

**Countersigned:**

_____
George N. Cretekos
Mayor

**Approved as to form and correctness:**

_____
Assistant City Attorney

**CITY OF CLEARWATER**

By: _____
William B. Horne II
City Manager

**ATTEST:**

By: _____
Rosemarie Call
City Clerk

[A04-01313  /215821/1]

# EXHIBIT "A"
## INSURANCE REQUIREMENTS
## FOR
## AGREEMENTS AND CONTRACTS

In addition to any other insurance required by the RFQ, or bid documents, the Respondent shall, at its own cost and expense, acquire and maintain (and cause any contractors and/or subcontractors to acquire and maintain) during the term with the CITY, sufficient insurance to adequately protect the respective interest of the parties. Coverage shall be obtained with a carrier having an AM Best Rating of A-V11 or better. In addition, the CITY has the right to review the Respondent's deductible or self-insured retention and require that it be reduced or eliminated.

Specifically the Respondent must carry the following minimum types and amounts of insurance on an occurrence basis or in the case of coverage that cannot be obtained on an occurrence basis, then coverage can be obtained on a claims-made basis with a minimum three (3) year tail following the termination or expiration of this Agreement:

a. **Commercial General Liability Insurance** coverage in the minimum amount of $1,000,000 per occurrence and $2,000,000 general aggregate.
b. **Commercial Automobile Liability Insurance** coverage for any owned, non-owned, hired or borrowed automobile is required in the minimum amount of $1,000,000 (one million dollars) combined single limit.
c. Unless waived by the State of Florida, statutory **Workers' Compensation Insurance** coverage in accordance with the laws of the State of Florida, and **Employer's Liability Insurance** in the minimum amount of $100,000 each employee each accident, $100,000 each employee by disease and $500,000 aggregate by disease with benefits afforded under the laws of the State of Florida. Coverage should include Voluntary Compensation, Jones Act, and U.S. Longshoremen's and Harbor Worker's Act coverage where applicable. Coverage must be applicable to employees, contractors, subcontractors, and volunteers, if any.
d. **Professional Liability/Malpractice/Errors or Omissions Insurance** coverage appropriate for the type of business engaged in by the Respondent with minimum limits of $1,000,000 per claim. If a claims made form of coverage is provided, the retroactive date of coverage shall be no later than the inception date of claims made coverage, unless prior policy was extended indefinitely to cover prior acts. Coverage shall be extended beyond the policy year either by a supplemental extended reporting period (ERP) of as great a duration as available, and with no less coverage and with reinstated aggregate limits, or by requiring that any new policy provide a retroactive date no later than the inception date of claims made coverage.
e. If the Respondent is using its own property or the property of City in connection with the performance of its obligations under this Agreement, the **Property Insurance** on an "All Risks" basis with replacement cost coverage for property and equipment in the care, custody and control of others is required.

[A04-01313 /215821/1]

The above insurance limits may be achieved by a combination of primary and umbrella/excess liability policies.

**OTHER INSURANCE PROVISIONS:**

    a.  The City is to be specifically included as an "Additional insured" on the Commercial Liability Insurance and Commercial Auto Liability, and named as a "Loss Payee" on Respondent's Property Insurance policy.

    b.  Prior to the execution of this Agreement, and then annually upon the anniversary date(s) of the insurance policy's renewal date(s), the Respondent will furnish the City with a Certificate of Insurance evidencing the coverage set forth above and naming the City as an "Additional Insured." In addition, when requested in writing from the City, Respondent will provide the City with certified copies of all applicable policies. The address where such certificates and certified policies shall be sent or delivered is as follows:

> **City of Clearwater**
> **Engineering Department**
> **P.O. Box 4748**
> **Clearwater, FL 33758-4748**

    c.  Respondent shall provide thirty (30) days written notice of any cancellation, non-renewal, termination, material change or reduction in coverage.

    d.  Respondent's insurance as outlined above shall be primary and non-contributory coverage for Respondent's negligence.

    e.  Respondent shall defend, indemnify, save and hold the City harmless from any and all claims, suits, judgments and liability for death, personal injury, bodily injury, or property damage arising directly or indirectly including legal fees, court costs, or other legal expenses.

The stipulated limits of coverage above shall not be construed as a limitation of any potential liability to the City, and failure to request evidence of this insurance shall not be construed as a waiver of Respondent's obligation to provide the insurance coverage specified.

# EXHIBIT "B"

## SCRUTINIZED COMPANIES AND BUSINESS OPERATIONS WITH CUBA AND SYRIA CERTIFICATION FORM

The affiant, by virtue of the signature below, certifies that:

1. The vendor, company, individual, principal, subsidiary, affiliate, or owner is aware of the requirements of section 287.135, Florida Statutes, regarding companies on the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Energy Sector List, or engaging in business operations in Cuba and Syria; and

2. The vendor, company, individual, principal, subsidiary, affiliate, or owner is eligible to participate in this solicitation and is not listed on either the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Sector List, or engaged in business operations in Cuba and Syria; and

3. Business Operations means, for purposes specifically related to Cuba or Syria, engaging in commerce in any form in Cuba or Syria, including, but not limited to, acquiring, developing, maintaining, owning, selling, possessing, leasing or operating equipment, facilities, personnel, products, services, personal property, real property, military equipment, or any other apparatus of business or commerce; and

4. If awarded the Contract (or Agreement), the vendor, company, individual, principal, subsidiary, affiliate, or owner will immediately notify the City of Clearwater in writing, no later than five (5) calendar days after any of its principals are placed on the Scrutinized Companies with Activities in Sudan List, the Scrutinized Companies with Activities in the Iran Petroleum Sector List, or engages in business operations in Cuba and Syria.

Authorized Signature

David A. Kemper, P.E.
Printed Name

Senior Principal
Title

Stantec Consulting Services Inc.
Name of Entity/Corporation

STATE OF FLORIDA
COUNTY OF Hillsborough
The foregoing instrument was acknowledged before me on this 23rd day of JANuary , 20 18 , by
DAVID A Kemper (name of person whose signature is being notarized) as the
Senior Principal (title) of Stantec Consulting Services Inc (name of corporation/entity),
personally known to me as described herein SELF , or produced a NA (type of
identification) as identification, and who did/did not take an oath.

Notary Public
Robin J. Law
Printed Name

My Commission Expires: October 11, 2021
NOTARY SEAL ABOVE

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY, FLORIDA

CITY OF CLEARWATER, a Florida
governmental entity,

            Case No.:

  Plaintiff,

v.

STANTEC   CONSULTING
SERVICES INC., a foreign profit
corporation,

  Defendant.

_____/

## GENERAL CASE STANDING ORDER

All civil actions, except those enumerated in Fla. R. Civ. P. 1.200(a), must be assigned one of three case management tracks within **120 days** after the action is filed: streamlined, general, or complex. *See* Fla. R. Civ. P. 1.200(b). NOTE: The parties must comply with Fla. R. Civ. P. 1.201 to designate the action as "complex." **Plaintiff(s), or Plaintiff(s)'s counsel, must file and serve this Standing Order upon all named Defendant(s) or Defendant(s)'s counsel with the summons and complaint.**

### CASE TRACK ASSIGNMENT: GENERAL

| DEFINITION: | PROJECTED TRIAL DATE: |
|---|---|
| All other civil actions that do not meet the criteria for "complex" or "streamlined" cases. | 18 months after the action is filed. *See* Fla. R. Civ. P. 1.440. |

### DEADLINES:

The parties are subject to a continuing duty to **MEET AND CONFER** regarding the projected deadlines established by this Order. *All deadlines established by this Order must be strictly enforced and can only be changed by court order.* If a party is unable to meet the established case management deadlines, the party must notify the Court within a reasonable time. Any request to change the overall case track assignment must be filed promptly after the appearance of good cause to support the motion. To modify the terms of this Order, the parties may: (1) submit an agreed order to the Court to extend a deadline; or (2) file a motion in accordance with Fla. R. Civ. P. 1.200(e)(3)(A)-(D) seeking leave of Court to extend a deadline, modify this Order, or alter a projected trial period. To schedule an actual trial date, the parties must cooperate

with the Court according to its practice preferences. To alter an actual trial period, the parties must satisfy the requirements of Fla. R. Civ. P. 1.460.

| CATEGORY: | GENERAL CASE DEADLINES: |
|---|---|
| **Service of Complaint** | 120 days after the action is filed. *See* Fla. R. Civ. P. 1.070(j). |
| **Service under Extension** | Deadlines for extensions to serve process upon defendants are at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j). |
| **Pre-Trial Conference** | To be scheduled pursuant to the trial judge's practice preferences. |
| **Schedule a Trial Date** | 8 months after the action is filed. *See* Fla. R. Civ. P. 1.440. |
| **Adding New Parties** | Deadline for adding new parties is at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j); *see also* Fla. R. Civ. P. 1.190. |
| **Completion of Fact Discovery** | 30 days before the pre-trial conference. |
| **Completion of Expert Discovery** | 30 days before the pre-trial conference. |
| **Filing and Service of Motions for Summary Judgment** | File and serve 60 days before the pre-trial conference. Must be heard prior to the pre-trial conference. |
| **Filing and Resolution of All Objections to Pleadings** | Before the pre-trial conference. |
| **Filing and Resolution of All Pretrial Motions** | Before the pre-trial conference. |
| **Completion of Alternative Dispute Resolution,** including Non-Binding Arbitration and Mediation | Before the pre-trial conference. |

**THEREFORE, it is ORDERED and ADJUDGED** in the Sixth Judicial Circuit, Florida, this _____ day of _____ , 20____:

2

The above-styled case is designated as **GENERAL** with a projected trial date of **18 MONTHS AFTER THE ACTION IS FILED**, and all parties must abide by the corresponding deadlines.

*Effective per Admin. Order 2025-006 PA/PI-CIR*

Shawn Crane, Chief Judge

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY, FLORIDA

CITY OF CLEARWATER, a Florida
governmental entity,

                                              Case No.: 2025-CA-004438

        Plaintiff,

v.

STANTEC         CONSULTING
SERVICES INC., a foreign profit
corporation,

        Defendant.

_____/

## SUMMONS ON COMPLAINT

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
Complaint in this action on Defendant:

**STANTEC CONSULTING SERVICES INC.**
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

      Defendant is hereby required to serve written defenses to the Complaint on Counsel, whose
name and address is:

TREVOR B. ARNOLD, ESQ.
MICHELE A. EBONE, ESQ.
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400
Orlando, FL 32801
(407) 843-8880
trevor.arnold@gray-robinson.com
michele.ebone@gray-robinson.com
ylana.henderson@gray-robinson.com
lisandra.acosta@gray-robinson.com

within twenty (20) days after service of this summons upon Defendant, exclusive of the day of service, and to file the original defenses with the Clerk of this Court either before service on Plaintiff, or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Third-Party Complaint.

## PERSONS WITH DISABILITIES IN PINELLAS COUNTY:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

WITNESS my hand and the seal of said Court on ___08/18/2025 11:58:18 AM___, 2025.

KEN BURKE, CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

By: _Thomas Smith_

As Deputy Clerk

(Court Seal)

2

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CITY OF CLEARWATER,

    Plaintiff,                        Case No.: 2025-CA-004438

v.

STANTEC CONSULTING SERVICES,
INC.,

    Defendant.

_____/

**PLAINTIFF, CITY OF CLEARWATER'S, NOTICE OF SERVICE OF FIRST SET OF
INTERROGATORIES TO DEFENDANT, STANTEC CONSULTING SERVICES, INC.**

    Plaintiff, CITY OF CLEARWATER, by and through undersigned counsel, and pursuant

to Rule 1.340, *Florida Rules of Civil Procedure*, hereby gives notice of serving its First Set of

Interrogatories to Defendant, STANTEC CONSULTING SERVICES, INC., to be answered under

oath within thirty (30) days from the date of service.

    **Dated** this 28th day of August, 2025.

                               */s/ Trevor B. Arnold*
                               **Trevor B. Arnold, Esquire**
                               Florida Bar No.: 545902
                               **Michele A. Ebone, Esquire**
                               Florida Bar No:  1003460
                               GRAYROBINSON, P.A.
                               301 E. Pine St., Ste. 1400
                               Orlando, FL 32801
                               (407) 843-8880
                               Fax: (407) 595-5690
                               trevor.arnold@gray-robinson.com
                               michele.ebone@gray-robinson.com
                               ylana.henderson@gray-robinson.com
                               *Counsel for Plaintiff, City of Clearwater*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of August, 2025, the foregoing was filed with the Florida Courts E-Filing Portal, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516, which will furnish a service copy to all counsel of record.

*/s/ Trevor B. Arnold*
Trevor B. Arnold, Esq.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CITY OF CLEARWATER,

     Plaintiff,                       Case No.: 2025-CA-004438

v.

STANTEC CONSULTING SERVICES,
INC.,

     Defendant.

_____/

### PLAINTIFF, CITY OF CLEARWATER'S, FIRST REQUEST FOR PRODUCTION TO DEFENDANT, STANTEC CONSULTING SERVICES, INC.

Plaintiff, CITY OF CLEARWATER, by and through undersigned counsel, and pursuant to Rule 1.350, *Florida Rules of Civil Procedure*, hereby requests Defendant, STANTEC CONSULTING SERVICES, INC., produce the following documents for inspection and copying within thirty (30) days from the date of service.

### DEFINITIONS

1.      The terms "You" or "Your" shall mean Defendant, Stantec Consulting Services, Inc. ("Stantec"), its agents, attorneys, representatives, and other persons acting on its behalf during the relevant time period.

2.      The term "Plaintiff" shall mean City of Clearwater (the "City"), its agents, attorneys, representatives, or other persons acting for or on behalf of it during the relevant time period.

3.      The term "Project" shall refer to the design and construction of the Imagine Clearwater Project on the property located at the Baycare Sound at Coachman Park, 255 Drew Street, Clearwater, Florida 33756.

4.      "Person" or "persons" shall mean all natural persons (individual or individuals) and entities, including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, and boards.

5.      The term "relate to" or "relating to" shall mean consists of, refer to, reflect, or be in any way logically or factually connected with the matter discussed, directly or indirectly.

6.      The term "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether direct from the original by reason of any notation made on such copy or otherwise, including without limitation: correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minute books, reports, charts, ledgers, invoices, lists, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, income tax returns, balance sheets, income statements, ledgers, vouchers, invoices, schedules, affidavits, contracts, agreements, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic,

mechanical or electric recordings, or representations of any kind (including without limitation: e-mail, tapes, cassettes, disks and recordings).

7.      The term "documents" shall mean every document or group of documents or communications as above-defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

8.      The words "or" and "and" shall be construed disjunctively as well as conjunctively. The word "all" means "any and all." The word "each" means "each and every." The word "every" means "each and every."

9.      As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

## <u>INSTRUCTIONS</u>

Each paragraph below shall operate and be construed independently, and unless otherwise indicated, no paragraph limits the scope of any other paragraph.

**CLAIM OF PRIVILEGE:** Identify every document requested herein that is withheld from production on any claim of privilege, work product, or other immunity from production, and for each such document state:

a.      the specific basis on which the document is being withheld;

b.      the names of any and all persons who have seen the document;

c.      the date and subject matter of the document;

d.      the location of the document;

e.      the custodian of the document;

      f.      the author(s) or preparer(s) of the document;

      g.      the recipient(s) of the document; and

      h.      the persons who were furnished copies of the document.

The obligation to produce the documents requested herein is intended to be of a continuing nature, so that if at any time after compliance with this request you should acquire possession, custody, or control of any additional documents within the scope hereof, except to the extent such documents are obtained by discovery in the public record of this case, you must furnish such documents as soon as is practicable.

To the extent that you consider any of the following requests, or portions thereof, objectionable, separately state which part is objected to and the ground(s) for each objection.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Any and all documents you referenced, utilized, and/or relied upon in preparing Your Answers to Plaintiff's First Set of Interrogatories.

2.      All contracts or agreements related to the Project, including their exhibits and any modifications and amendments.

3.      All communications and other documents between You and Plaintiff relating to the Project.

4.      All communications and other documents between You and any subcontractor or vendor relating to the Project.

5.      All documents, inspection reports, and permit requirement documents from Pinellas County relating to the Project.

6.     All plans (including permit plans, construction plans, and as-built plans), specifications, or other such documents related to the design of the Project.

7.     All shop drawings, material submittals, or installation procedures prepared by or obtained by You relating to the Project.

8.     All documents relating to the daily, weekly, or monthly progress of the planning, design, or construction of the Project.

9.     All field memos, field reports, or other documents relating to the status of the planning, design, or construction of the Project.

10.    All job diaries, notes, meeting minutes, or other similar documents related to the design or construction of the Project.

11.    All time cards, time sheets, or any other similar documents evidencing or relating to the amount of time spent by Your or any other person's personnel performing work on the Project, including, but not limited to, employees, principal agents, independent contractors, sub-consultants, and sub-sub-consultants, relating to planning, design, and construction of the Project.

12.    All Change Orders relating to the Project.

13.    All submittals and transmittals relating to the Project.

14.    All Requests for Information ("RFIs"), submittals, product data, and/or cut sheets submitted to You and by You concerning the Project.

15.    Color copies of any photographs, videotapes, movie footage, and recordings which are in any manner relating to the Project.

16.    All documents involving any evaluation, investigation, study, or analysis of alleged defects in the design or construction of the Project.

17.    All documents relating to the inspection or testing of the Project design or construction.

18.    Any correspondence, report, analysis, or any other documents produced by any expert or outside consultant retained by You related to the Project.

19.    All documents concerning quality control procedures, supervision, coordination, orders, or opinions of any contractor, subcontractor, project manager, or any other person related to the Project.

20.    A copy of all building codes, ASTM procedures, or any other industry standard for which you allege any person failed to comply in its work relating to the design or construction of the Project.

21.    All statements from any person or entity relating to the claims alleged in this action.

22.    All written notices provided by or to You or any other person relating to the claims alleged in this action.

23.    All written agreements, including but not limited to, tolling agreements, joint prosecution/defense agreements, settlement agreements, and agreements to abate or stay, between You and any other person or entity related to the Project and/or this action.

24.    Any and all policies of insurance, certificate of insurance, and/or other similar documents that reflect your coverage applicable or potentially applicable to the Project and/or any claims related to the Project.

25.    All documents upon which you intend to rely on to establish proof of claims, damages, or refutation of claims in this Action.

26.    All documents or communications detailing inspections or testing done by You or any subcontractors, insurance carriers, or vendors at the Project.

27.    Any and all pay applications, invoices, and other payment requests submitted to Plaintiff by You in relation to the Project.

**Dated** this 28th day of August, 2025.

/s/ Trevor B. Arnold
**Trevor B. Arnold, Esquire**
Florida Bar No.: 545902
**Michele A. Ebone, Esquire**
Florida Bar No: 1003460
GRAYROBINSON, P.A.
301 E. Pine St., Ste. 1400
Orlando, FL 32801
(407) 843-8880
Fax: (407) 595-5690
trevor.arnold@gray-robinson.com
michele.ebone@gray-robinson.com
ylana.henderson@gray-robinson.com
*Counsel for Plaintiff, City of Clearwater*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2025, the foregoing was filed with the Florida Courts E-Filing Portal, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516, which will furnish a service copy to all counsel of record.

/s/ Trevor B. Arnold
Trevor B. Arnold, Esq.

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA**

CITY OF CLEARWATER,

     Plaintiff,                              Case No.: 2025-CA-004438

v.

STANTEC CONSULTING SERVICES,
INC.,

     Defendant.

_____/

**PLAINTIFF, CITY OF CLEARWATER'S, NOTICE OF
FILING AFFIDAVIT OF SERVICE OF COMPLAINT**

     Plaintiff, CITY OF CLEARWATER, by and through undersigned counsel, hereby gives

notice of filing the Affidavit of Service of the Complaint on Defendant, STANTEC

CONSULTING SERVICES, INC., served on August 20, 2025.

     **Dated** this 29th day of August, 2025.

                                */s/ Trevor B. Arnold*_____
                                **Trevor B. Arnold, Esquire**
                                Florida Bar No.: 545902
                                **Michele A. Ebone, Esquire**
                                Florida Bar No:  1003460
                                GRAYROBINSON, P.A.
                                301 E. Pine St., Ste. 1400
                                Orlando, FL 32801
                                (407) 843-8880
                                Fax: (407) 595-5690
                                trevor.arnold@gray-robinson.com
                                michele.ebone@gray-robinson.com
                                ylana.henderson@gray-robinson.com
                                *Counsel for Plaintiff, City of Clearwater*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 29th day of August, 2025, the foregoing was filed with the Florida Courts E-Filing Portal, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516, which will furnish a service copy to all counsel of record.

*/s/ Trevor B. Arnold*
Trevor B. Arnold, Esq.

## <u>RETURN OF SERVICE</u>

**State of Florida**                                                                                    **County of Pinellas**

Case Number: 2025-CA-004438

Plaintiff:
**CITY OF CLEARWATER, a Florida governmental entity**

vs.

Defendant:
**STANTEC CONSULTING SERVICES INC., a foreign profit corporation**

For:
Ylana Henderson
Gray Robinson
301 East Pine Street
Suite 1400
Orlando, FL 32801

Received by DILIGENT LEGAL SERVICES on the 19th day of August, 2025 at 3:20 pm to be served on **Stantec Consulting Services Inc. c/o CSC, as RA, 1201 Hays Street, Tallahassee, FL 32301**.

I, MICHAEL NOLAN, do hereby affirm that on the **20th day of August, 2025** at **10:05 am, I:**

**CORPORATE:**  served by delivering a true copy of the **Summons on Complaint, Complaint, General Case Standing Order** with the date and hour of service endorsed thereon by me, to: **ALICE MADDOX** as **AUTHORIZED REPRESENTATIVE**  for the Registered Agent of Stantec Consulting Services Inc. c/o CSC, as RA  at the address of: **1201 HAYS STREEET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: F, Race/Skin Color: BLACK, Height: 5'5", Weight: 135, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).


_____
**MICHAEL NOLAN**
Certified Process Server, #111

**DILIGENT LEGAL SERVICES**
**1497 MAIN STREET**
**STE. 210**
**DUNEDIN, FL 34698**
**(727) 424-7367**

Our Job Serial Number: DGT-2025005611
Ref: 2025005611

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

Filing # 229519707 E-Filed 08/15/2025 12:25:22 PM

| DELIVERED | 8/20/2025 10:05 AM |
|-----------|--------------------|
| SERVER | C. |
| LICENSE | Certified Process Server, #111 |

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY, FLORIDA

CITY OF CLEARWATER, a Florida
governmental entity,

          Plaintiff,

v.

STANTEC         CONSULTING
SERVICES INC., a foreign profit
corporation,

          Defendant.

_____/

Case No.: 2025-CA-004438

## SUMMONS ON COMPLAINT

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

       **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
Complaint in this action on Defendant:

**STANTEC CONSULTING SERVICES INC.**
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

       Defendant is hereby required to serve written defenses to the Complaint on Counsel, whose
name and address is:

TREVOR B. ARNOLD, ESQ.
MICHELE A. EBONE, ESQ.
**GrayRobinson, P.A.**
301 E. Pine Street, Suite 1400
Orlando, FL 32801
(407) 843-8880
trevor.arnold@gray-robinson.com
michele.ebone@gray-robinson.com
ylana.henderson@gray-robinson.com
lisandra.acosta@gray-robinson.com

25-004438-CI

within twenty (20) days after service of this summons upon Defendant, exclusive of the day of service, and to file the original defenses with the Clerk of this Court either before service on Plaintiff, or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Third-Party Complaint.

## PERSONS WITH DISABILITIES IN PINELLAS COUNTY:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

WITNESS my hand and the seal of said Court on ___08/18/2025 11:58:18 AM___, 2025.

**KEN BURKE, CLERK CIRCUIT COURT**
**315 Court Street**
**Clearwater, Pinellas County, FL 33756-5165**

By: _Thomas Smith_
As Deputy Clerk

(Court Seal)

2