UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF CLEARWATER,

Plaintiff/Counter-Defendant,

v. Case No: 8:25-cv-02410-JLB-T_W

STANTEC CONSULTING SERVICES INC.,

Defendant/Counter-Plaintiff.
_____________________________________/

# ORDER

Plaintiff/Counter-Defendant City of Clearwater ("Clearwater") sues Defendant/Counter-Plaintiff Stantec Consulting Services Inc. ("Stantec") for breach of contract and professional negligence based on its design of a band shell for the Imagine Clearwater Project. (Doc. 1-1). Stantec filed an Answer and a Counterclaim that seeks a declaration of its rights and obligations under the parties' contract. (Doc. 11). Clearwater moves the Court to dismiss Stantec's Counterclaim or to stay the Counterclaim pending Stantec's compliance with administrative remedies. (Doc. 22). Stantec filed a response. (Doc. 23). After careful review, the Court concludes that Clearwater's Motion to Dismiss (Doc. 22) is due to be **GRANTED** in part and **DENIED** in part.

## BACKGROUND[1]

On January 23, 2019, Clearwater and Stantec signed an agreement (the "Agreement") for Stantec to design a band shell for Coachman Park as part of Clearwater's Imagine Clearwater Project. (Doc. 11 at ¶ 5).[2] Clearwater alleges that the band shell known as *The Sound* has experienced water intrusion and drainage issues since its construction, which Clearwater contends are the result of design deficiencies. (*Id.* at ¶¶ 5–6).

On October 2, 2024, Clearwater issued a Notice of Claim to Stantec pursuant to Florida Statutes, Chapter 558, identifying the alleged design deficiencies and requiring remedial action by Stantec. (*Id.* at ¶ 7). On February 18, 2025, Clearwater purported to suspend Stantec without a hearing pursuant to the City of Clearwater, Florida, Code of Ordinances (the "Code"), despite Stantec's request for a deferral of the suspension and its hearing. (*Id.* at ¶ 8). The Code provides that Clearwater may "debar or suspend a vendor for cause from further consideration for award of contracts with the city" after providing "reasonable notice to the vendor involved and reasonable opportunity for the vendor to be heard." City of Clearwater, Fla., Code of Ordinances § 2.565 (2026).[3]

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in Stantec's Counterclaim. (*See* Doc. 11 at 13–18).
[2] For simplicity's sake, all citations to Doc. 11 refer to Stantec's Counterclaim, starting on page 13 of that document.
[3] The Court takes judicial notice of the City of Clearwater, Florida, Code of Ordinances. *See* Fed. R. Evid. 201(b)(2).

Following Stantec's suspension, Stantec continued to assist Clearwater with investigating and addressing the drainage issues. (*Id.* at ¶¶ 9–10). Over the coming months, Stantec engaged with Clearwater's contractor, Skanska, and its subcontractor, Birdair, regarding the band canopy. (*Id.* at ¶ 9).

On July 18, 2025, Clearwater issued a "Final Request for Remedial Action Plan" to Stantec, warning that "failure to submit a comprehensive corrective plan within seven days would result in termination for cause." (*Id.* at ¶ 11). On July 25, 2025, Stantec submitted an engineering report to Clearwater, detailing what it believed to be the causes of the drainage issues. (*Id.* at ¶ 12). The report confirmed the sufficiency of Stantec's original gutter designs, concluded that Clearwater's modifications to the original design and Skanska and Birdair's defective construction were to blame for the band canopy's drainage issues, and recommended that Clearwater obtain pricing and a proposed schedule from Skanska to install the recommended gutters. (*Id.*). Clearwater responded to the report by requesting a copy of Stantec's hydrologic report and asking Stantec alone to provide a comprehensive action plan to remediate the drainage issues. (*Id.* at ¶ 13). Clearwater rejected Stantec's recommendation that Clearwater direct Skanska to provide pricing and a schedule to fabricate and install the recommended gutters. (*Id.* at ¶¶ 13–14).

On August 13, 2025, Clearwater issued a formal "Notice of Termination for Cause" to Stantec pursuant to the Agreement based on the alleged designed deficiencies, and it filed its Complaint against Stantec in Florida state court,

alleging breach of contract and professional negligence. (*Id.* at ¶ 14; Doc. 1-1). Stantec removed this case to federal court on September 8, 2025, and it filed its Answer and Counterclaim on September 15, 2025. (Docs. 1, 11).

Stantec's Counterclaim alleges that no valid ground existed for Clearwater to suspend Stantec or terminate the Agreement. (Doc. 11 at ¶ 15). Instead, Stantec believes that "(a) its basic services were completed, (b) Clearwater failed to cooperate and failed to assert any basis for a termination for cause stemming from a bona fide contractual dispute, and (c) any damages alleged by the City are barred as consequential, or must be borne by the City alone as the cost of the originally designed gutters." (*Id.*).

Stantec's Counterclaim seeks declaratory relief under both federal and Florida state law. (*Id.* at ¶ 19). Stantec asks the Court to declare:

> a. Whether Clearwater properly suspended Stantec under the Agreement and the Code;
>
> b. Whether termination for cause is a sanction imposed by Clearwater for impermissible punitive purposes after Stantec's performance of all basic services necessary to complete construction and provide beneficial use;
>
> c. Whether Clearwater's failure and refusal to cause Skanska to cooperate and provide pricing and a schedule for remedial action recommended by Stantec is active interference and a material breach relieving Stantec from any further obligations under the Agreement;
>
> d. Whether Clearwater's damages are barred in whole or in part by Section 14.0 of the Agreement, including claims for consequential damages such as loss of use, income, profits, or sums paid to third parties.

(*Id.* at ¶ 21).

Clearwater moves to dismiss Stantec's Counterclaim (Doc. 22), and Stantec responded (Doc. 23).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To

warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (internal quotation marks omitted) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**DISCUSSION**

Clearwater's Motion to Dismiss (Doc. 22) is due to be granted in part and denied in part. Specifically, Clearwater correctly notes that Florida's Declaratory Judgment Act does not apply in federal court because it is procedural rather than substantive. *See Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016); *Southern-Owners Ins. Co. v. Saint Sophia Greek Orthodox Cmty.*, No. 20-23418-Civ-WILLIAMS/TORRES, 2020 WL 9218317, at *2–3 (S.D. Fla. Dec. 11, 2020). Accordingly, that portion of Stantec's Counterclaim is dismissed. However, because Stantec states a claim under the Federal Declaratory Judgment Act, it may amend that portion of its Counterclaim.

The Federal Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit

otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

Clearwater presents two primary arguments why Stantec's Counterclaim should be dismissed. (Doc. 22). First, Clearwater argues that Stantec's Counterclaim should be dismissed because Stantec failed to exhaust its administrative remedies. (*Id.* at 10–13). Second, Clearwater argues that Stantec's Counterclaim should be dismissed as unnecessary in light of Clearwater's claims against Stantec and Stantec's corresponding affirmative defenses. (*Id.* at 8–10, 13–16). The Court denies dismissal based on either argument.

## I. Stantec's Counterclaim Is Not Barred by Failure to Exhaust Administrative Remedies Because Stantec Alleges that Clearwater Already Suspended Stantec.

Clearwater argues that Stantec's Counterclaim should be dismissed because Stantec failed to exhaust its administrative remedies. (Doc. 22 at 10–13). In support, Clearwater cites its Code, which provides that Clearwater may "debar or suspend a vendor for cause from further consideration for award of contracts with the city" after providing "reasonable notice to the vendor involved and reasonable opportunity for the vendor to be heard." City of Clearwater, Fla., Code of Ordinances § 2.565 (2026). Based on this provision, Clearwater argues that Stantec was required to request a hearing with Clearwater before filing its Counterclaim. Clearwater also alleges that, "[a]side from [Stantec's] unilateral request for an indefinite extension, Stantec failed to request such a hearing before filing [its] Counterclaim." (Doc. 22 at 13).

The Court disagrees with Clearwater's argument. To be sure, the doctrine of exhaustion of administrative remedies is "well established" and "provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (cleaned up). However, here, Clearwater fails to show that an administrative remedy existed. Section 2.565 merely provides procedures that Clearwater should reasonably offer to a vendor *before* suspending the vendor, and Clearwater does not argue that an appellate process exists. (*See* Doc. 22). Instead, Clearwater had already suspended Stantec by the time Stantec brought its Counterclaim (*see* Doc. 11 at ¶ 8), making section 2.565 a moot point. Moreover, taking Stantec's allegations as true, Stantec did request a hearing from Clearwater. (*Id.*); *see Pielage*, 516 F.3d at 1284. And Stantec claims that Clearwater rebuffed its request. (Doc. 11 at ¶ 8). Accordingly, because Clearwater fails to demonstrate that an administrative remedy for Stantec's injury exists, its argument for dismissal fails. Moreover, the Court denies Clearwater's alternative request to stay Stantec's Counterclaim for the same reasons.

## II. Clearwater's Claims and Stantec's Affirmative Defenses Do Not Render Declaratory Relief Unnecessary.

Next, Clearwater argues that Stantec's Counterclaim should be dismissed because Clearwater's claims and Stantec's affirmative defenses to those claims render Stantec's declaratory judgment Counterclaim unnecessary or redundant. (Doc. 22 at 8–10, 13–16). In Clearwater's view, the initial pleadings already raise the issues that Stantec seeks to litigate. (*Id.*). Specifically, Stantec "seeks to

determine whether Stantec was in breach of the Contract" and any other issues for which Stantec seeks clarification would necessarily be addressed through Stantec's affirmative defenses Eight and Nine, which speak to limitations on Clearwater's damages and Clearwater's alleged breach of the Agreement. (*Id.* at 10, 15–16). Again, the Court disagrees with Clearwater's argument.

Numerous courts within the Eleventh Circuit have addressed the issue of whether a declaratory judgment counterclaim is redundant in light of an opposing breach of contract claim. *See, e.g.*, *New Mkt. Realty 1L LLC v. Great Lakes Ins.* SE, 341 F.R.D. 322, 327 (M.D. Fla. 2022); *Frank v. Rockhill Ins. Co.*, No. 2:18-cv-162-FtM-99CM, 2018 WL 5619325, at * 3–4 (M.D. Fla. Oct. 30, 2018); *Rodriguez v. Certain Underwriters at Lloyd's Lond.*, No. 1:19-cv-20171-UU, 2019 WL 8017464, at *3–4 (S.D. Fla. Apr. 10, 2019). The prevailing rule is that a declaratory judgment counterclaim should not be dismissed if it serves a "useful purpose" in the litigation. *New Mkt Realty 1L LLC*, 341 F.R.D. at 325 (citing *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216–17 (S.D. Fla. 2011)). This is true even if the counterclaim is substantially identical to the defendant's affirmative defenses. *See Frank*, 2018 WL 5619325, at *3–4.

For example, in *Frank*, an insured sued his insurer for breach of contract. *Id.* at *1. In response, the insurer filed a one-count counterclaim seeking a declaration that it owed no payments to its insured, and the insured moved to dismiss the counterclaim as redundant of his breach-of-contract claim. *Id.* While the district court noted that the insurer's counterclaim "restated verbatim" six of its affirmative

defenses, the court concluded that the declaratory relief counterclaim could serve a "useful purpose" by providing a positive declaration that the insurer's interpretation of the contract was correct. *Id.* at *3–4. If the declaratory relief claim were dismissed, then a defense verdict would merely provide a declaration of non-liability. *Id.* at *3. Moreover, if the declaratory relief counterclaim truly were redundant of the breach of contract claim, then the insured would suffer no prejudice by allowing it to proceed. *Id.*

Similarly, here, Stantec's Counterclaim could serve a useful purpose by vindicating Stantec's interpretation of the Agreement's requirements and Clearwater's Code. While Stantec's Counterclaim is similar to its Affirmative Defenses Eight and Nine (*see* Doc. 11), prevailing on those defenses would not provide complete relief to Stantec because it would merely demonstrate that Stantec was not liable for breach of contract or professional negligence. *See Frank*, 2018 WL 5619325, at *3–4; *Rodriguez*, 2019 WL 8017464, at *3–4.

The Court notes the ample case law that Clearwater cites in support of its position. (Doc. 22 at 8–10); *see, e.g.*, *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012); *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, No. 16-25313-CIV-MORENO, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017). However, those cases are distinguishable because they generally concern situations where one party pleaded both a breach of contract and declaratory judgment claim, unlike here where different parties brought the separate claims.

Accordingly, it is **ORDERED** that:

1. Plaintiff/Counter-Defendant City of Clearwater's Motion to Dismiss Stantec Consulting Services Inc.'s Counterclaim, or, in the Alternative, Motion to Stay Counterclaim Pending Compliance with Administrative Remedies (Doc. 22) is **GRANTED** in part and **DENIED** in part.

2. Defendant/Counter-Plaintiff Stantec Consulting Services, Inc.'s Counterclaim for Declaratory Judgment (Doc. 11 at 13–18) is **DISMISSED without prejudice**.

3. Defendant/Counter-Plaintiff Stantec Consulting Services, Inc. shall have twenty-one days from the date of this Order to file an amended counterclaim. No new claims may be added should Stantec file an amended counterclaim.

**ORDERED** in Tampa, Florida, on July 23, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE